United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DARNELL SIMMS,                          No. C 04-05306 WHA

11         Plaintiff,

12   v.                                       **ORDER APPROVING**
                                              **STIPULATED PROTECTIVE**
13   COUNTY OF ALAMEDA, a municipal           **ORDER REGARDING**
     corporation, PRISON HEALTH              **DOCUMENTS, THINGS, AND**
14   SERVICES, INC., a corporation, HAROLD    **INFORMATION TO BE**
     W. ORR, M.D., JAMES PENDLETON, JR.,      **PRODUCED BY PARTIES FOR**
15   M.D., MARTHA CAMPOS, M.D., M.            **INSPECTION, COPYING AND**
     INCENCIO, KAREN CREWS, B.J.              **USE IN THIS LITIGATION**
16   COHEN, and DOES 1–100, inclusive,

17         Defendants.
                                          /
18

19         The stipulated protective order submitted by the parties is hereby **APPROVED**, subject to

20   the following conditions:

21         1.     The parties must make a good-faith determination that any

22   information designated "confidential" warrants protection under Rule 26(c) of the

23   Federal Rules of Civil Procedure.  Designations of material as "confidential" must

24   be narrowly tailored to include only material for which there is good cause.  A

25   pattern of over-designation may lead to an order de-designating all or most

26   materials on a wholesale basis.

27         2.     In order to be treated as confidential, any materials filed with the

28   Court must be lodged with a request for filing under seal in compliance with Civil

**United States District Court**
For the Northern District of California

1   Local Rule 79-5.  Please limit your requests for sealing to only those

2   narrowly-tailored portions of materials for which good cause to seal exists.

3   Please include all other portions of your materials in the public file and

4   clearly indicate therein where material has been redacted and sealed.  Each filing

5   requires an individualized sealing order; blanket prospective authorizations are no

6   longer allowed by Civil Local Rule 79-5.

7          3.      Chambers copies should include all material — both redacted and

8   unredacted — so that the chambers staff does not have to re-assemble the whole

9   brief or declaration.  Although chambers copies should clearly designate which

10  portions are confidential, chambers copies with confidential materials will be

11  handled like all other chambers copies of materials without special restriction, and

12  will typically be recycled, not shredded.

13         4.      Any confidential materials used openly in court hearings or trial

14  will not be treated in any special manner absent a further order.

15         5.      This order does not preclude any party from moving to

16  de-designate information or documents that have been designated as confidential.

17  The party seeking to designate material as confidential has the burden of

18  establishing that the material is entitled to protection.

19         6.      The Court will retain jurisdiction over disputes arising from the

20  proposed and stipulated protective order for only 45 days after final termination

21  of the action.

22

23         **IT IS SO ORDERED.**

24

25  Dated:  July 18, 2005.

26                                                      WILLIAM ALSUP
                                                        UNITED STATES DISTRICT JUDGE

27

28

2